IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00202-CV

 

IN THE INTEREST OF n.l.a.

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 11,993

 



ORDER



 

          The Attorney General appeals an order
granting Appellee Ernest Smith’s motion to set aside an order reducing unpaid
child support to judgment.

          On April 6, 1981, the judge of the 20th
District Court, which had jurisdiction in Robertson and Milam Counties, signed
a Decree of Legitimation which declared that Ernest Smith is the father of
N.L.A. and ordered him to pay child support.  In 1983, the 20th and 82nd
judicial districts were reorganized so that the 20th District became
composed solely of Milam County, and Robertson became part of the 82nd
District with Falls
 County.[1]  On October 21, 1985, the judge of the 82nd
District Court, which then had jurisdiction in Robertson and Falls Counties,
signed a “Dismissal Judgment” that dismissed the cause for want of
prosecution.  On February 8, 2000, the judge of the 20th
District Court, which then had jurisdiction only in Milam County,
signed an Order Reducing Unpaid Child Support to Judgment.  In May 2001, Smith filed in the 82nd
District Court a motion to set aside the 2000 unpaid child support
judgment.  After a hearing, the judge of
that court signed an order granting the motion.

The
Attorney General argues that the 82nd District Court lacked
jurisdiction either to dismiss the cause for want of prosecution in 1985 or to
set aside the 2000 arrearage judgment.  The
Attorney General contends that the 20th District Court is the court
of continuing, exclusive jurisdiction over this case because it issued the
legitimation decree and ordered child support in 1981.

A
jurisdictional ruling in this case runs the risk of invalidating judgments and
orders in other cases.  If we were to
rule that all cases on the docket in Robertson County on September 1, 1983, in
which there was continuing jurisdiction stayed with the 20th
District Court, we run the risk of invalidating judgments or orders in family
law cases signed thereafter by the 82nd.  On the other hand, a ruling that the 82nd
acquired jurisdiction based on territorial jurisdiction alone could effectively
invalidate judgments and orders signed thereafter by the 20th.

      The
submission is set aside.  We request
additional briefing from the Attorney General on the issue of the effects of
the respective jurisdictional holdings on cases pending in the 20th
and 82nd District Courts on September 1, 1983.  The
Attorney General’s supplemental brief is due forty-five days after the date of
this Order. 

                                                                   PER
CURIAM

 

Before Chief
Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Chief Justice Gray dissenting)

Order issued and
filed June 8, 2005

Do not publish











    [1]       20th and 82nd
Judicial Districts—Reorganization, 68th Leg., R.S. ch 468, 1983 Tex. Gen. Laws 2743.